UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARRY BRUNEY, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Case number 4:07cv0968 JCH |
| | )                               TCM |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
|    Defendant. | ) |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

This is an action under 42 U.S.C. § 405 (g) for judicial review of the final decision of Michael J. Astrue, Commissioner of Social Security ("Commissioner"), denying the applications of Larry Bruney ("Plaintiff") for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-433, and for supplemental security income benefits ("SSI") under Title XVI of the Act, 42 U.S.C. §§ 1381-1383b.[1] Pending is the unopposed motion of the Commissioner to remand this case to the Appeals Council pursuant to sentence four of 42 U.S.C. § 405(g).

Plaintiff filed for DIB and SSI in February 2004, alleging he was unable to work after March 20, 2000, because of back problems and hepatitis. (R.[2] at 14, 67-69.) His applications were denied following an administrative hearing before Administrative Law

---

[1]The case was referred to the undersigned United States Magistrate Judge for a review and recommended disposition pursuant to 28 U.S.C. § 636(b).

[2]References to "R." are to the administrative record filed by the Commissioner with his answer.

Judge "ALJ" Charles W. Kunderer. (Id. at 14-24; 33-48.) The ALJ found that Plaintiff had "mild degenerative disc disease of the lumbosacral spine, hepatitis C, neck strain, and left hip strain, but did not have an impairment or combination of impairments" of Listing-level severity. (Id. at 23.) The Appeals Council denied review, effectively adopting the ALJ's decision as the final decision of the Commissioner.

Plaintiff then initiated this action, arguing that the ALJ (1) failed to schedule a supplemental hearing after he underwent the ordered orthopedic consultative examination when the ALJ's only choices were to either have the hearing or issue a favorable decision; (2) erred in finding that he was not prescribed strong pain relief medication and did not seek regular treatment; (3) disregarded medical evidence when assessing his residual functional capacity; and (4) failed to consider the dosage and side effects of morphine. Plaintiff further argues that complications arising from the transfer of his file to New Orleans and his inability to review the file due to it being lost when Hurricane Katrina struck denied him due process.

The Commissioner moves to remand to the Appeals Council for the Council to then remand to the ALJ to (i) obtain updated medical evidence; (ii) further evaluate the medical source opinion evidence after considering the updated medical evidence; (iii) further evaluate Plaintiff's credibility; (iv) further consider his mental impairments and his residual functional capacity; (v) obtain, if necessary, supplemental vocational expert testimony; (vi) take the necessary steps to complete the administrative record; (vii) provide Plaintiff with a supplemental hearing; and (viii) issue a new decision.

A case seeking judicial review of the Commissioner's adverse decision may be remanded pursuant only to sentence four or six of 42 U.S.C. § 405(g). See **Shalala v. Schaefer**, 509 U.S. 292, 296 (1993); **Melkonyan v. Sullivan**, 501 U.S. 89, 97-98 (1991). "Sentence four,[3] by its terms, authorizes a court to enter 'a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing.'" **Buckner v. Apfel**, 213 F.3d 1006, 1010 (8th Cir. 2000) (quoting § 405(g)) (alteration added). A remand sought by the Commissioner after he files his answer and in the absence of any new and material evidence "meets the substantive requirements of sentence four." **Id.** The remand sought in the instant case is, therefore, properly considered a sentence four remand. See **Pottsmith v. Barnhart**, 306 F.3d 526, 528 (8th Cir. 2002) (finding that order granting Commissioner's motion to remand for introduction of medical expert testimony was appropriately made pursuant to sentence four); **Boyle v. Halter**, 165 F.Supp.2d 943, 943 n.2 (D. Minn. 2001) (noting that Commissioner's motion for remand after answer was appropriately made pursuant to sentence four). This unopposed motion should be granted.

Accordingly,

**IT IS HEREBY RECOMMENDED** that the Commissioner's Motion to Reverse and Remand be **GRANTED** pursuant to sentence four of 42 U.S.C. § 405(g), his decision be

---

[3]Sentence four reads as follows: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

REVERSED, and the case be REMANDED for further proceedings as outlined by the Commissioner. [Doc. 16]

The parties are advised that they have eleven (11) days in which to file written objections to this Recommendation and the Memorandum incorporated herein pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in waiver of the right to appeal questions of fact. See **Griffini v. Mitchell**, 31 F.3d 690, 692 (8th Cir. 1994).

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 18th day of October, 2007.